Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EDWIN SANTANA DE LA ROSA<br><br>Parte Peticionaria<br><br>v.<br><br>JOSÉ A. ALGARÍN PABÓN<br><br>Parte Recurrida | TA2026CE00798 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. K DP2017-0075<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece el señor Edwin Santana De La Rosa (Sr. Santana o peticionario) mediante recurso de *certiorari* y solicita que revoquemos la *Orden* emitida el 7 de mayo de 2026, y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1]

En síntesis, el peticionario aduce que el TPI abusó de su discreción al denegar su solicitud de descubrimiento de prueba

---

[1] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA), entrada 1, apéndice 22. La *Orden* recurrida expresamente dispone:

> Atendida la solicitud de remedios presentada por el Sr. Edwin Santana de la Rosa; la respuesta a solicitud presentada por Management Group Investors, LLC (MGI); la reacción, respuesta y oposición a moción presentada por IMC Puerto Rico Ltd. (IMC); la solicitud para reiterar la inspección en cámara presentada por Edwin Santana de la Rosa; la reacción a solicitud presentada por la parte demandante, presentada por IMC y la réplica a reacción de IMC a la solicitud presentada por la parte demandante para inspección presentada por Edwin Santana de la Rosa.
>
> Este tribunal resuelve que, habiendo atendido múltiples mociones sobre esta controversia presentadas a lo largo del desarrollo del caso y haciendo un balance responsable entre las necesidades de las partes y los terceros, respetando las varias órdenes del Tribunal de Apelaciones sobre este tema, se resolvió permitir el descubrimiento a terceros limitando el alcance a la compra de acciones, a su precio y la fecha. Habiéndose satisfecho el descubrimiento de prueba en cuanto a esto, se resuelve No Ha Lugar a las solicitudes de la parte demandante.

respecto a ciertas cláusulas del *stock purchase agreement* (SPA) suscrito el 5 de enero de 2016, entre las entidades Management Group Investors, LLC (MGI) y IMC Puerto Rico, Ltd. Conforme argumenta el Sr. Santana, la información tachada o ennegrecida del aludido contrato de compraventa de acciones es medular para evaluar la presente causa de acción en daños y perjuicios instada contra el señor José A. Algarín Pabón (Sr. Algarín), predicada en su presunta falta a su deber de fiducia y lealtad como albacea de la Sucesión de María Luisa De La Rosa Juarbe.

Las compañías MGI e IMC, de forma especial y sin someterse a la jurisdicción de este Tribunal, como tercero que no es parte, presentaron una *Urgente Solicitud de Desglose de Documento Confidencial del Récord Público y Solicitud para la Imposición de Sanciones.*[2] Adujeron que el apéndice 26 del recurso (el SPA con tachaduras) es un documento confidencial que no fue presentado ante el TPI, por lo que procedía su desglose.

Por su parte, en la *Oposición a Moción de Desglose*[3], el Sr. Santana indicó que el apéndice 26 de su recurso (SPA con tachaduras) es la versión del documento que se produjo en cumplimiento con las directrices impuestas por el TPI en la vista de 10 de febrero de 2026, donde se permitió la producción del documento sujeto a la eliminación de determinada información considerada confidencial o secretos de negocio.[4] Arguyó que resulta

---

[2] *Íd.,* entrada 2, *Urgente Solicitud de Desglose de Documento Confidencial del Récord Público y Solicitud para la Imposición de Sanciones.* A su vez, IMC presentó una *Notificación de Comparecencia Especial en Representación Legal de IMC Puerto Rico, Ltd.,* en ánimo de establecer una comparecencia independiente en el récord judicial del caso y suplir el correspondiente arancel de primera comparecencia. *Íd.,* entrada 5, *Notificación de Comparecencia Especial en Representación Legal de IMC Puerto Rico, Ltd.* Este Tribunal acepta la comparecencia independiente de IMC.

[3] *Íd.,* entrada 6, *Oposición a Moción de Desglose.*

[4] De la *Minuta* de la vista del 10 de febrero de 2026, surge que:

... el tribunal hizo constar que para lo único que se requirió el documento [SPA] era en cuanto a la compra de ciertas acciones que se relacionan con los efectos de las actuaciones del señor Algarín Pabón, que no se trata de ninguna actuación interna de las corporaciones ni de los estados financieros de éstas o de sus estrategias de negocios, para demostrar si en efecto hubo mala administración durante un periodo de albaceazgo. Indicó que, por

inconsistente que MGI e IMC aleguen que las tachaduras del documento protegen información confidencial y, al mismo tiempo, afirmen que el documento tachado divulga secretos comerciales cuya publicación amerita sanciones.

Colegimos que el apéndice 26 del recurso (el SPA con tachaduras) es el documento que dio lugar a la resolución recurrida, por lo que resulta necesario que este Tribunal tenga acceso al mismo para evaluar el recurso.

Establecido lo anterior, examinado el recurso y a tenor con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[5], resolvemos *denegar* la expedición del auto de *certiorari*, sin trámite ulterior.

## I.

La Regla 52.1 de las de Procedimiento Civil, 4 LPRA Ap. V, dispone las instancias en que este foro intermedio podrá revisar, mediante el recurso discrecional de *certiorari*, las resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia; a decir, cuando se recurra de una resolución u orden al amparo de las Reglas 56 y 57 de Procedimiento Civil, o de la denegatoria de una moción de carácter dispositivo.

Por excepción, la Regla 52.1 también dispone que este Tribunal podrá revisar resoluciones u órdenes interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra

---

tanto, **debe estar ennegrecida toda aquella información que no sea pertinente, cualquier estrategia de negocios de las corporaciones, pero no lo relativo a la compra, al precio de venta o la fecha de la compra de las acciones**. (Énfasis suplido). *Íd.,* entrada 1, apéndice 14, *Minuta*.

[5] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Ninguno de esos escenarios está planteado en este recurso. Más bien se trata de una controversia relacionada con el descubrimiento de prueba y con el manejo adecuado del caso ante el foro primario.

## II.

En virtud de lo anterior, *denegamos* la expedición del auto de *certiorari*. Además, declaramos *no ha lugar* a la *Urgente Solicitud de Desglose de Documento Confidencial del Récord Público y Solicitud para la Imposición de Sanciones*.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones